IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-1-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHRISTOPHER LEE SILVER, | ) | |
| | ) | |
| Defendant. | ) | |

On December 28, 2020, Christopher Lee Silver ("Silver" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 68].[1] On June 14, 2021, the government responded in opposition and filed an exhibit in support [D.E. 77, 77-1]. As explained below, the court denies Silver's motion.

I.

On February 22, 2016, with a plea agreement, Silver pleaded guilty to interference with commerce by robbery and aiding and abetting (count one) and use, carry, and brandish a firearm in furtherance of a crime of violence and aiding and abetting (count two). See [D.E. 38, 39]. On May 26, 2016, the court held Silver's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 41, 44, 46, 47]; Sent. Tr. [D.E. 57] 4–5. The court determined Silver's total offense level to be 17, his criminal history category to be VI, and his advisory guideline range on count one to be 51 to 63 months' imprisonment and on count two to be

---

[1] Silver also moves for reconsideration of this court's May 14, 2021 order denying his motion to obtain copies of his case documents without charge. See [D.E. 76]. The court has reviewed the motion and the governing law. The court denies Silver's motion as meritless.

84 months' consecutive imprisonment. See Sent. Tr. [D.E. 57] 6–7. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Silver to 60 months' imprisonment on count one and 84 months' consecutive imprisonment on count two, for a total of 144 months' imprisonment. See id. 13–16. Silver appealed. See [D.E. 48]. On November 6, 2019, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Silver, 794 F. App'x 248, 252 (4th Cir. 2019) (per curiam) (unpublished).

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's

2

application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section

---

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Silver does not contend that he has exhausted his administrative remedies. Cf. [D.E. 68]. Nonetheless, the government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[3] Accordingly, the court addresses Silver's claim on the merits.

Silver seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Silver cites the COVID-19 pandemic and his rehabilitation efforts. See [D.E. 68] 3.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic and Silver's rehabilitation efforts are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory

---

[3] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Silver's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Silver is 38 years old and engaged in serious criminal conduct in May 2013. See PSR ¶¶ 4–6. On May 12, 2013, Silver entered the Marathon Gas Station in Battleboro, North Carolina, approached the cashier, brandished a handgun, and demanded that she give him the money from the register, the store's North Carolina Lottery funds, and two cartons of cigarettes. See id. After receiving some of these items from the clerk, Silver fled the scene and was later apprehended. See id. Silver is accountable for robbing the store of $500 and the cigarettes. See id.

Silver is a violent recidivist with convictions for communicating threats, failure to return rental property, larceny, assault on a government official or employee, simple assault, fleeing or eluding arrest with a motor vehicle (two counts), and carrying a concealed weapon. See id. ¶¶ 11–33. Silver also has performed poorly on supervision. See id. ¶ 14. Nonetheless, Silver has taken some positive steps while incarcerated on his federal sentence. See [D.E. 68] 3.

The court has considered Silver's exposure to COVID-19 and his rehabilitation efforts. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, to vaccinate Silver,[4] the section 3553(a) factors, Silver's arguments, the government's persuasive response, and the need to punish Silver for his serious criminal behavior, to incapacitate Silver, to

---

[4] As of May 11, 2021, Silver has received both doses of the Pfizer BioNTech COVID-19 vaccine. See [D.E. 77-1] 1.

6

promote respect for the law, to deter others, and to protect society, the court declines to grant Silver's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES Silver's motion for compassionate release [D.E. 68] and DENIES Silver's motion for reconsideration [D.E. 76].

SO ORDERED. This 14 day of June 2021.

JAMES C. DEVER III
United States District Judge